[Crim. No. 249.   Third Appellate District.—May 23, 1914.]

## THE PEOPLE, Respondent, v. WILLIAM McGEE, Appellant.

CRIMINAL LAW—BRIBING WITNESS TO ABSENT HIMSELF FROM CRIMINAL TRIAL—"ABOUT TO BE CALLED AS WITNESS."—In this prosecution of the defendant, under section 138 of the Penal Code, for receiving a bribe upon the understanding that he would absent himself from the trial of a person against whom he had sworn to a complaint charging the violation of a liquor ordinance, it is a reasonable inference from the evidence that at the time the defendant solicited the bribe he was "about to be called as a witness," in the sense in which such expression is used in the statute, although he was not under subpoena.

ID.—BRIBERY OF WITNESS—WHO IS A "WITNESS."—To constitute the offense covered by section 138 of the Penal Code, the party charged must, at the time the offense is alleged to have been committed, either be a "witness" or "about to be called as a witness." The word "witness" is here used as defined by section 1878 of the Code of Civil Procedure, and one who has done no more than to swear to a complaint charging an illegal sale of intoxicating liquors is not such a witness.

ID.—INDICTMENT—ALLEGATION THAT DEFENDANT WAS ABOUT TO BE CALLED AS WITNESS.—The fact that the indictment in such case does not directly aver that the defendant at the time of the alleged offense was a witness, or was about to be called as a witness in the trial, if error, is not ground for reversal, where it is a necessary inference from the allegations of the indictment that he was about to be called as a witness, and it is manifest from the evidence that he was not prejudiced by any want of certainty in that respect.

ID.—WITNESS—IMPEACHMENT BY SHOWING CONVICTION OF CRIME.—The record of the conviction of a defendant of an assault with a deadly weapon and sentence to the county jail is not admissible to impeach

him as a witness, since section 2051 of the Code of Civil Procedure limits impeachment in that manner to the judgment of conviction of a felony.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—WHEN GROUND FOR NEW TRIAL.—Where the conduct of the district attorney is such that it may well create in the minds of the jurors an impression that the defendant is trying to conceal his identity, that he has been convicted of an assault with a deadly weapon, that he has' committed perjury in denying that he has been convicted of a felony, and that his counsel is not acting in good faith in interposing his objections, but trifling with the court, a new trial should be granted, although the evidence is sufficient to sustain the verdict of guilty.

ID.—BASIS OF PROSECUTION—INSTRUCTION THAT SHOULD BE GIVEN.—In such prosecution this instruction, proposed by the defendant, should be given: "I instruct you that the offense defined by section 138 of the Penal Code, under which this indictment is found, is not committed by a complaining witness receiving or offering to receive a bribe after he has sworn to the complaint and the same has been filed unless he is also a witness or about to be called as a witness at the trial of the case, and you cannot find the defendant to have been a witness as charged in the indictment from the fact that he swore to the complaint in the justice court against Mary Salowsky unless you also find that at the time of the alleged bribery he was a witness or about to be called as a witness at the trial of the case."

APPEAL from a judgment of the Superior Court of Napa County and from an order refusing a new trial. Henry C. Gesford, Judge.

The facts are stated in the opinion of the court.

C. N. Riggins, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The defendant was employed by the sheriff of Napa County, about the first of September, 1913, to obtain evidence against one Mary Salowsky for selling liquor without a license, contrary to a certain ordinance. Under this employment he visited the place in question, and, on September 11, 1913, he swore to a complaint in the justice court of St. Helena township, charging said Salowsky with a violation of said ordinance. She was arrested and her case

was set for trial for September 23, following. By consent it was continued until October 3, and, thereafter, was reset for October 14, at 9:30 A. M. On Sunday, October 12, two days before said trial was to be had, defendant visited the house conducted by said Mary Salowsky, and, according to the testimony of the people's witnesses, the following occurred: McGee said he wanted to have "a little talk" with her, and in response to her inquiry, "What is it?" he stated that he was the prosecuting witness in her case, that it was a pretty strong case and "how would that be; I will drop that case against you. The county owes me so much money and if you will let me have this money that the county owes me, I would go away and quit and leave the state and of course I can't go on nothing, I have to have some money." Mary Salowsky replied: "This is kind of unexpected to me, but of course I can give you no deciding answer tonight. I have to think the matter over." He replied: "You know very well the case comes up Tuesday." It was then agreed that she should call him up the next day at the Brooklyn hotel in Napa and give him a definite answer. Defendant, however, remained in St. Helena, and on Monday he so telephoned to her and he agreed to be at her house at 4 o'clock on that day. Mrs. Salowsky informed the officers and her attorney of defendant's proposition, and in the afternoon officers Cook and Dockery went to the house and the matter was talked over, the sum of ninety dollars obtained and marked and delivered into the custody of Mary Salowsky when the defendant appeared approaching the house. The officers concealed themselves so as to hear and observe what occurred. The following conversation took place between McGee and Mrs. Salowsky: Mrs. Salowsky: "How much money was it you wanted? I did not understand you whether it was nineteen or ninety dollars." Mr. McGee: "Ninety dollars." Mrs. Salowsky: "Don't you think that is a little too much?" Mr. McGee: "No, if you hire an attorney it will cost you probably that much for an attorney, and if you get convicted, why it would probably be a heavy fine." Mrs. Salowsky: "Well, how about Wilson, then?" Mr. McGee: "I have got that all fixed with Wilson." Mrs. Salowsky: "How about Maloney?" Mr. McGee: "He doesn't know anything at all; for the ninety dollars I will beat it. Your case comes up

to-morrow and for the ninety dollars I will beat it out and you will be acquitted because the prosecuting witness won't be there." Mrs. Salowsky: "All right." She then gave him the money and he said: "This is what I call a square deal." The woman then said: "Sit still. I will bring you a drink." Immediately thereafter the officers appeared and placed the defendant under arrest.

It is the claim of respondent that by this and some other evidence hereafter to be noticed the case is clearly brought within the inhibition of section 138 of the Penal Code which provides that "Every person who is a witness, or is about to be called as such, who receives, or offers to receive, any bribe, upon any understanding that his testimony shall be influenced thereby, or that he will absent himself from the trial or proceeding upon which his testimony is required, is guilty of a felony."

Every fact constituting a constituent element of said offense was sufficiently established by the evidence for the people. That he offered to receive and *did* receive a bribe upon the understanding that he would absent himself from the trial of Mrs. Salowsky appears as plain as language can make it.

The only other considerations in this connection are: Was defendant a witness in the case against Mrs. Salowsky, or was he about to be called as such? "A witness is a person whose declaration under oath is received as evidence for any purpose, whether such declaration be made on oral examination or by deposition or affidavit." (Code Civ. Proc., sec. 1878.)

If we concede the point made by appellant that on the said twelfth day of October he was not a witness in the sense of the statute, it can be of no avail, for the reason that it was shown that he was "about to be called as a witness" in the case. This is a fair deduction from the following circumstances: He was employed by the officers to secure evidence against Salowsky and he did secure it. He swore to the complaint charging her with the crime. He declared to her that the case was set for trial for Tuesday and, in effect, that he expected to be a witness and was ready to testify against her. The sheriff testified that at the time of the arrest of Mrs. Salowsky he told McGee that the latter would be wanted as

a witness in the case, and the district attorney testified that, on Saturday, October 11, he had a conversation with defendant in which he told the latter that the case was set for the 14th, and instructed him to be present to testify as a witness, that McGee stated that he would not come unless the county paid him what was due, and the district attorney replied that he would find a way to make him attend. It is of no·consequence that he was not thereafter subpoenaed or that the trial of Mrs. Salowsky was again continued. This resulted from the conduct of the defendant in relation to the bribe. It is manifest that the intention was to proceed with the trial and compel McGee to attend and be a witness, but the commission of the greater offense by the appellant interfered with the plan in reference to the trial of Mrs. Salowsky. It may be remarked that the district attorney, until the time of defendant's refusal to attend, had a right to expect that McGee would be present at the trial, if not subpoenaed.

We think it a reasonable inference from the evidence that at the time defendant solicited the bribe he was "about to be called as a witness" in the Salowsky case in the sense in which that expression is used in said statute.

The point is made that the indictment does not sufficiently set forth said offense, but as to this we think appellant is in error. Therein it is definitely averred with the time and place that the defendant "did willfully, unlawfully, corruptly and feloniously offer to receive and did receive a certain bribe in the sum of ninety dollars from one Mary Salowsky upon the express understanding and agreement with the said Mary Salowsky that he, the said Wm. McGee, would be influenced in his testimony thereby and would absent himself as a witness from a certain trial and proceeding wherein said Mary Salowsky was defendant and wherein said Wm. McGee was complaining witness, said case or proceeding being entitled 'In the Justice's Court of St. Helena Township, County of Napa, State of California. The People of the State of California, Plaintiff, vs. Mary Salowsky, Defendant, Complaint, Criminal.' Said complaint was then and there filed in the said justice's court of St. Helena Township, on the 11th day of September, 1913. The said Wm. McGee then and there well knowing that he was a material witness for the People of the State of California, and

that he would be called as such in said above entitled trial and proceeding.'' The only possible objection of any moment to the indictment is that there is no direct averment that defendant, at the time of the alleged offense, was a witness or was about to be called as a witness in the trial of said Mary Salowsky. However, that he was about to be called as a witness is a necessary inference from the allegations that appear in the indictment and it is entirely manifest from the evidence that appellant was not prejudiced by any want of certainty in that respect.

Probably the most serious question in the case arises from the alleged misconduct of the district attorney. After the first witness for the people was called the record shows the following: ''Mr. Coombs: I would like, if the court please, to ascertain if the defendant has pleaded under his true name. Mr. Riggins: He has so pleaded. The Court: I won't go into it any further. Mr. Coombs: I want to find out if he has pleaded in his true name. He could plead otherwise if he wanted. Mr. Riggins: I take an exception to the statement and remark of the district attorney and assign it as misconduct. The Court: I instruct you, gentlemen of the jury, of course you are to pay no attention as to what passes between the court and counsel. You are deaf whenever that occurs.''

Again, when the defendant was called in his own behalf, the following occurred: ''Mr. Riggins: Q. Mr. McGee, did you know Mr. Wilson? A. I do. Q. You know Mr. Kelton, the sheriff of this county? A. Yes. I do. Mr. Coombs: I object to any further line of questions until Mr. Riggins qualifies the witness. He has not asked him his name, if the court please. Mr. Riggins: I will do so if the court wants it. The Court: He may not have any name and he may. Mr. Riggins: He has given his name as William McGee. Mr. Coombs: He never has given his name under oath. Mr. Riggins: We object to the remark of the district attorney. The Court: You can ask him about it. That is a matter of cross-examination.''

The record shows the following proceedings on the cross-examination of the defendant: ''Mr. Coombs: I will ask you, Mr. McGee, if you were not convicted of the crime of felony in the city and county of San Francisco on the 3rd day

of September, in the year 1909? A. No, sir. Q. At that
time you were convicted of a felony under the name of
Patrick McGee? A. I was never convicted of a felony in
my life. Q. I will ask you if you were ever tried in the city
and county of San Francisco of the crime of assault with a
deadly weapon? Mr. Riggins: Object to the question as in-
competent, irrelevant, immaterial; and we take an exception
to the asking of the question by the district attorney and as-
sign it as misconduct. The Court: Yes. Mr. Coombs: If
your honor please, the witness has denied this. I want to
lay the foundation now to show that the witness at that time
was convicted of a felony under the name of Patrick McGee,
and that Patrick McGee and the defendant in this case are
one and the same person. The Court: Ask him if he was
convicted of a felony under the name of Patrick McGee.
Mr. Coombs: Yes. The Court: You asked him that and he
said no. If you want to impeach that statement you ought
to know how to do it. You can ask him the nature of the
offense. The objection will be sustained.''

Again, when Sophie Catherine McGee was called by the
people in rebuttal, the following occurred: ''Mr. Coombs:
Your name is Sophie McGee? A. Yes, sir. Mr. Coombs:
You were formerly the wife of the defendant in this case,
were you not? A. Yes, sir. Q. You recognize him, do you?
A. Yes, sir. Q. What is his correct name, if you know? A.
William McGee. Q. Has he any other name? Mr. Riggins:
Objected to upon the grounds incompetent, irrelevant, imma-
terial, not rebuttal, assign the asking of the question as mis-
conduct of the district attorney and note an exception
thereto. The Court: Overruled. A. Well, he has a nick-
name. Q. What is it? A. Patrick. Q. I will ask you, Mrs.
McGee, if you know whether or not William McGee, the de-
fendant in this case, whose nickname was Patrick McGee,
was ever convicted of a felony in the state of California?
Mr. Riggins: Object to the question as irrelevant, incompet-
ent, immaterial, not the best evidence, and further specify
the asking of the questions as misconduct and take an excep-
tion thereto. The Court: Oh, that is nonsense. Mr. Rig-
gins: I do take an exception. If the defendant was con-
victed of a felony and he has the judgment-roll, the introduc-
tion of the judgment-roll is the evidence, and the asking of

all these questions is simply for the purpose of prejudicing the jury. Mr. Coombs: That is just what we are asking these questions for, to introduce the judgment-roll, if your honor please. The Court: You have proven now that his nickname is Patrick McGee. Mr. Coombs: Patrick McGee. The Court. Very well.' I will sustain the objection to the question as to whether he has ever been convicted of a felony because the record is the best evidence. Mr. Riggins is right about that. What I meant a moment ago was assigning all these matters as misconduct on the part of the district attorney. Mr. Coombs: That is ridiculous. The Court: It is taking up the time of the court. Mr. Riggins: I do assign it and take exception. The Court: I do not think it is the right way to practice law.'' After some further discussion the district attorney said: ''I offer at this time a document entitled on the cover 'Number 2221', Superior Court, state of California, in and for the city and county of San Francisco, Department No. 12, The People of the State of California v. Patrick McGee. Judgment, Filed this 8th day of December, A. D. 1909. H. I. Mulcrevy, Clerk. By Lawrence Buckley, Deputy Clerk.'' An objection was made, the document was handed to the court and the district attorney said: ''I will try him for perjury when I get through here, too.'' The court then asked the district attorney if he had looked at this copy of the judgment-roll, and the district attorney replied: ''It is proper evidence. It is a felony. The judgment states that. I call your honor's attention to it.'' The court sustained the objection to the evidence. The offered record showed that McGee was convicted of an assault with a deadly weapon and sentenced to the county jail. The offense was thereafter to be deemed for all purposes a misdemeanor. (Pen. Code, sec. 17.) · The record was, therefore, clearly inadmissible, as the statute limits impeachment in that manner to the judgment of conviction of a felony. (Code Civ. Proc., sec. 2051.)

But as far as any effect upon the jury is concerned, the record might as well have been admitted. In fact, from the course of procedure as narrated above several exceedingly hurtful impressions must have been created in the minds of the jurors, among them, that the defendant was trying to conceal his identity, that he had been convicted of an assault

with a deadly weapon, that he had committed perjury in denying that he had been convicted of a felony and that his counsel was not acting in good faith in interposing his objections, but was really trifling with the court.

In view of the foregoing untoward incidents, it would seem to be an injustice to the defendant to allow the conviction to stand. We may assume that the district attorney was not guilty of *intentional* misconduct, but the prejudicial effect of the course pursued was not ameliorated by that circumstance. Indeed, having confidence, as no doubt they had, in his good faith, the jurors would be more strongly influenced against the defendant than if they believed the district attorney was attempting to take an unfair advantage of the one on trial. We think a fundamental and essential right of appellant was invaded, and that in all probability the error affected the verdict. (*People* v. *Derwae*, 155 Cal. 592, [102 Pac. 266]; *People* v. *Fleming*, 166 Cal. 357, [136 Pac. 291]; *People* v. *Tufts*, 167 Cal. 266, 139 Pac. 78].)

While the evidence, as before stated, is sufficient to support the verdict, yet the peculiar facts of the case demand a new and fair trial according to the established rules of juridical procedure.

In contemplation of another trial, it is deemed proper to indicate more specifically what we understand to be the true theory upon which the prosecution must rest. We may approach it by setting out the following instruction proposed by defendant: ''I instruct you that the offense defined by section 138 of the Penal Code, under which this indictment is found, is not committed by a complaining witness receiving or offering to receive a bribe after he has sworn to the complaint and the same has been filed unless he is also a witness or about to be called as a witness at the trial of the case, and you cannot find the defendant to have been a witness as charged in the indictment from the fact that he swore to the complaint in the justice court against Mary Salowsky unless you also find that at the time of the alleged bribery he was a witness or about to be called as a witness at the trial of the case.'' This instruction should have been given. To constitute the offense covered by said section 138 of the Penal Code, the party charged must, at the time the offense is alleged to have been committed, either be a ''witness'' or

"about to be called as a witness." The term "witness" is undoubtedly used in the sense defined by the statute. Indeed, the said section 138 was so construed by the court in giving the definition of the term "witness" that is found in said section 1878 of the Code of Civil Procedure. The defendant was not at that time a witness as thus defined. It is true he had sworn to a complaint, but that was not to be used as "evidence" at the trial. It had performed its function as a basis for the warrant of arrest and it did not reach forward and constitute defendant a witness at the time he is alleged to have received a bribe from said Salowsky. There was some reason for believing that the jurors might conclude that he was a witness for the reason that he had sworn to the complaint and therefore it was important that they be instructed as indicated. The people's case must rest, therefore, upon the other contingency, that defendant was about to be called as a witness, as there was no evidence that he was at the time actually a witness in the cause. Defendant was indicted and tried for a peculiar statutory offense and, of course, the evidence must measure up to the standard prescribed by the statute. The crime is not the common-law offense of obstructing justice. This is provided for in section 136 of the Penal Code. Many of the cases cited apply to such an offense, but are not controlling here.

We think the judgment and order denying the motion for a new trial should be reversed and it is so ordered.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 23, 1914.