[Crim. No. 3985.    First Dist., Div. Three.    Apr. 26, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD DAVID RAMSEY, Defendant and Appellant.

Daniel H. Dibert, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Robert B. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The defendant was convicted of burglary, and appeals from the judgment. He does not challenge the sufficiency of the evidence but contends the prosecuting attorney committed prejudicial misconduct in argument to the jury; that the prosecuting attorney attempted to impeach the defendant by reference to prior convictions which it is claimed were mere misdemeanors and not felonies, and that there was an error in an instruction given by the court to the jury.

The facts may be briefly summarized as follows: Sel's Restaurant, in Salinas, had closed for the Christmas holidays, December 24, 25 and 26, 1960. The restaurant was protected by a "silent" burglar alarm wired directly into the Salinas Police Department. About 6:30 a. m. on December 26th this alarm was tripped, and the officer at the desk immediately dispatched Officer Perez to the scene. Officer Perez, who had been cruising in a patrol car nearby, arrived at the restaurant within a minute of the alarm and began an investigation. The officer found a glass panel in the back door of the restaurant had been broken. The officer proceeded to check other doors

of the building; Officer Taylor, who had also received the call, arrived and proceeded to examine the north side of the building while Officer Perez examined the south side. As Officer Perez walked toward the rear of the building he saw the defendant walking away from the back door, and ordered him to stop. The defendant ran, with Officer Perez in pursuit. As the defendant fled he discarded certain tools and equipment: a flashlight, screw driver, gloves, combination pinch bar and hammer, and a bag containing $8.00 in nickels. The defendant stopped a short distance from the restaurant and was taken into custody. A further check of the building and premises failed to reveal the presence of any person other than the defendant immediately prior to the arrival of the officers.

The owner of the restaurant testified that the glass portion of the back door had been broken and a bag containing $8.00 in nickels was missing from his premises.

The defendant denied the charge and stated that he had parked his car, intending to register at a nearby motel, and was just "trying to catch a breath of air" when the officer placed him under arrest.

On cross-examination the defendant denied any prior felony convictions. The prosecutor then offered in evidence a certified copy of a minute order of the Superior Court of Monterey County showing the defendant's conviction in 1953 on a charge of burglary. The degree of that crime does not appear. The defendant was committed to the Youth Authority for this offense and now argues that the conviction was for a misdemeanor only and not a felony, citing Penal Code section 17.

At the time of defendant's conviction in 1953, Penal Code section 17 read in part as follows: "Where a court commits a defendant to the California Youth Authority upon conviction of a crime punishable by imprisonment in the state prison or fine or imprisonment in a county jail, in the discretion of the court, the crime shall be deemed a felony until and unless the court, after the person . . . has been discharged . . . makes an order determining that the crime of which he was convicted was a misdemeanor."

It does not appear in the record before us that the defendant, after his discharge from the Youth Authority, made any application or obtained any order of the court determining that the crime of which he was convicted in 1953 was a misdemeanor. By the express language of section 17 of the

Penal Code as it then read the defendant must be deemed to have been convicted of a felony.

It is true that section 17 of the Penal Code was amended in 1959 so that a defendant, convicted of a crime punishable in the discretion of the court by imprisonment in the state prison or by fine or imprisonment in the county jail and committed to the Youth Authority, is now guilty of a misdemeanor only. The statute, however, is not to be given a retroactive effect. (*People* v. *Gotham*, 185 Cal.App.2d 47, 56 [8 Cal.Rptr. 20].) At a subsequent trial the date of conviction is the date to be considered in determining whether or not the offense of which a defendant was previously convicted was a felony or a misdemeanor. (*People* v. *McConnell*, 20 Cal.App.2d 196-197 [66 P.2d 720]; *In re Harincar*, 29 Cal.2d 403, 406-407 [176 P.2d 58].) For the purpose of impeachment, therefore, it was entirely proper for the prosecuting attorney to refer to the defendant's conviction in 1953 as a felony and the court did not err in receiving in evidence the record of this conviction. (*People* v. *Williams*, 27 Cal.2d 220, 228 [163 P.2d 692].)

The prosecuting attorney offered in evidence the record of defendant's second conviction, also on a charge of burglary. In his testimony the defendant stated that, as to this conviction, sentence had been suspended "for three years"; that he was given probation on condition that he spend some time in the county jail. He now contends that a judgment of conviction with a sentence of imprisonment in the county jail does not subject him to the statutory deprivation of credibility, citing *People* v. *Cornett* [*sic*], 33 Cal.2d 45. [The reference should be to *People v. Hamilton*, 33 Cal.2d 45 (198 P.2d 873).]

In *Hamilton* (p. 50) the Supreme Court stated: ". . . As to a crime which may be either a misdemeanor or a felony, depending upon the punishment imposed therefor (Pen. Code, § 17), it is the punishment specified by the sentence which determines the character of the crime 'for all purposes' (§ 17) including that of impeachment. (*People* v. *Lando*, 92 Cal.App. 405 [268 P. 439]; *People* v. *McGee*, 24 Cal.App. 563 [141 P. 1055].)'' In the *Hamilton* case the defendant on his prior conviction, had been sentenced to the county jail. The sentence determined the character of the offense, and by the express language of Penal Code section 17 it was "a misdemeanor for all purposes." When impeachment of the defendant was attempted, therefore, it was held to be error for the court to receive in evidence the record of

this prior conviction. ▆ In the case now before us, the defendant was not sentenced to the county jail on the prior conviction. Judgment was suspended, and the defendant admitted to probation. Since the crime of which defendant had been convicted was burglary, punishable by imprisonment in the state prison or the county jail, it was a felony and remained so "unless and until the defendant is sentenced to a term in the county jail." (*People* v. *Ford,* 81 Cal.App.2d 580, 583 [184 P.2d 524]; *People* v. *Banks,* 53 Cal.2d 370, 388-391 [1 Cal.Rptr. 669, 348 P.2d 102]; *People* v. *Williams,* 27 Cal.2d 220, 228 [163 P.2d 692]; *In re Miller,* 218 Cal. 698, 700 [24 P.2d 766]; *In re Rogers,* 20 Cal.App.2d 397, 400 [66 P.2d 1237]; *People* v. *War,* 20 Cal. 117; *People* v. *Cornell,* 16 Cal. 187; see also 14 Cal.Jur.2d, Criminal Law, p. 203.) The fact that defendant was granted probation on his second conviction does not alter the situation. ▆ In *People* v. *James,* 40 Cal.App.2d 740, 747 [105 P.2d 947], the court stated: "We therefore conclude that where a defendant who has been previously convicted of a felony and granted probation and a dismissal obtained as in the instant case, and is subsequently *prosecuted* for another offense, in becoming a witness in his own behalf, he subjects himself to impeachment upon the ground that he has been convicted of a felony." Here the trial judge carefully explained to the jury that the records of defendant's prior convictions were received in evidence only for the purpose of impeachment, and since each of the defendant's prior convictions was for felony, his claim of error is without merit.

▆ The court instructed the jury on admissions of the defendant, concluding: "The law of this state admonishes you to view with caution the testimony of any witness which purports to relate an oral admission of the defendant." The defendant made no oral admissions, and there was no evidence to support the instruction. It should not have been given. Under the facts of this case, however, the error was not such as to require a reversal of the judgment. (*People* v. *Bird,* 195 Cal.App.2d 606, 609-611 [16 Cal.Rptr. 3]; *People* v. *Francis,* 156 Cal.App.2d 1, 8 [319 P.2d 103].)

▆ The final assignment of error relates to the misconduct of the prosecuting attorney. In his argument the prosecutor in effect called the defendant a liar, implied that he was an idiot, referred to him as a "clod" and a "piece of garbage." In his brief the Attorney General admits error and makes no attempt to excuse or condone it. It cannot be denied that a

prosecutor's argument couched in terms such as appear here is in fact misconduct. It is wholly unworthy of the prosecutor's office and unbecoming to his role in a criminal trial. Moreover, such an error invariably imperils the judgment, for when misconduct is established, as it is here, the appellate court must turn to the record to ascertain if the comments of the prosecutor have deprived the defendant of a fair trial. We have considered the remarks of the prosecutor and have examined the record in the light of the admitted error. This is not a "close case" as the defendant would have us believe, and as he urges in his brief. It is, in fact, a very clear case— one in which the defendant was almost caught in the act of burglary. As defendant fled from the scene Officer Perez saw him discarding his burglar tools and the loot. The jury, if it believed the officer, as it obviously did, could reasonably arrive at no other verdict than that of guilty. On the record before us, we cannot say that the prosecutor's remarks, while erroneous, were so prejudicial as to demand a reversal of the judgment. (*People* v. *McCracken,* 39 Cal.2d 336 [246 P.2d 913]; *People* v. *Ramirez,* 143 Cal.App.2d 554 [300 P.2d 106]; *People* v. *Perez,* 121 Cal.App.2d 347 [263 P.2d 29]; *People* v. *Petrovich,* 67 Cal.App. 405 [227 P. 978].)

Judgment affirmed.

Draper, P. J., and Devine, J., concurred.