[Crim. No. 8131.   Second Dist., Div. Two.   Aug. 1, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ALEX OL-
VERA SANTANA, Defendant and Appellant.

David C. Marcus for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Edmond B. Mamer, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was charged with six counts of violating the state narcotic laws. These charges involved either alleged possession or sale of marijuana and possession or sale of heroin. When defendant appeared in Superior Court for arraignment, his counsel informed the court that defendant was 19 years of age and had "been addicted to narcotics" and "was at Camarillo [state hospital] for some little time"; "the family [having] had him voluntarily committed there." Counsel also stated to the court that, anticipating that the defendant would be referred either to the Youth Authority or to the state hospital for treatment, he was willing to enter a plea of guilty at that time to count five—*possession* of heroin. The prosecutor advised the court that he was not familiar with the facts in the case and was "not prepared to accept the plea at this time." The court inquired about putting the plea over for a week. While counsel for defendant indicated this was agreeable, he was nevertheless anxious to expedite the matter so that defendant would not "stay in the county jail on dead time." The court thereupon decided to accept a plea of guilty to one charge of *selling* heroin. Upon being arraigned, defendant entered a plea of guilty to count three, in which he was charged with selling heroin. The matter was referred to the Probation Department and was set for hearing on probation and sentence on August 24, and defendant was referred to the Youth Authority to ascertain whether or not the Authority would accept him. The Probation Department was directed to get its report out as soon as possible.

When the matter came on for hearing for probation and sentence on August 24, the court advised counsel that the Youth Authority said they would accept defendant. The court, however, further advised counsel that "I don't see how I can send this boy to the Youth Authority with the quantity of narcotics that are involved here." The court thereupon denied probation and sentenced defendant to the state prison for the term prescribed by law. Defendant has appealed, contending that since he had been referred to the

Youth Authority and it had accepted him, the court was required under the law to commit him to the Authority.

Section 1731.5 of the Welfare and Institutions Code states: ". . . a court *may* refer to the authority any person convicted of a public offense who comes within all of the following description:

"(a) Is found to be less than 21 years of age at the time of apprehension;

"(b) Is not sentenced to death, imprisonment for life, imprisonment for 90 days or less, or the payment of a fine, or after having been directed to pay a fine, defaults in the payment thereof, and is subject to imprisonment for more than 90 days under the judgment;

"(c) Is not granted probation.

"If the authority believes that any person referred to it as provided in this section can be materially benefited by the procedure and discipline of the authority, and that proper and adequate facilities exist for the care of such person, it shall so certify to the court. *The court shall thereupon commit said person to the authority.*" (Emphasis added.)

A brief consideration of the legislative history of section 1731.5, Welfare and Institutions Code, will be helpful in its interpretation. Originally, the introductory paragraph of the section provided that a court *shall* commit to the Authority any person convicted of a public offense whom the Authority believes can be materially benefited thereby and for whose care and maintenance there exists, in the opinion of the Authority, proper and adequate facilities and who meets certain other requirements not here material. In 1945 the Legislature amended the section, *inter alia,* by incorporating the substance of the foregoing provision into the language of a new paragraph at the end of the section which has since remained as quoted *supra,* and substituted for the introductory paragraph the language above quoted. It will be noted that the court was given discretion as to whether or not it would refer a particular youthful offender to the Authority (*People* v. *Doyle,* 108 Cal.App.2d 827, 828 [240 P.2d 40]), but the provisions re mandatory commitment, once the Authority accepts the offender, remain mandatory. The language is clear—"The court shall thereupon commit said person to the authority." There is no room for interpretation. No exception is provided. There is no contention that appellant does not come within the provisions of section 1731.5.

■ The mandatory character of the language of the statute is in harmony with the general policy and expressed intent of the Legislature in passing such legislation. As a preamble it was stated: "The purpose of this chapter is to protect society more effectively by substituting for retributive punishment methods of training and treatment directed toward the correction and rehabilitation of young persons found guilty of public offenses."

■ Here we have a young man 19 years of age who has become involved with narcotics. The Youth Authority, upon the case being referred to it by the court, has indicated its belief that he can be materially benefited by its program and discipline and that it has adequate facilities for the care of appellant. By the express provision of the statute, supported by the philosophy underlying its enactment, appellant should have been committed to the Youth Authority rather than sentenced to state prison.

■ In addition to appealing from the judgment made and entered on the 24th day of August 1961, defendant has also attempted to appeal "from all orders and judgments made and entered on said date." There are two such orders: (1) the order denying defendant probation, and (2) the order dismissing the other five counts. There is no provision in Penal Code section 1237 for appeal from either of said orders. The purported appeal from each of said orders is dismissed.

The judgment is reversed with directions to vacate the judgment and sentence to the state prison and to commit appellant to the Youth Authority.

Ashburn, J., and Herndon, J., concurred.