[Crim. No. 9740.   Second Dist., Div. Two.   Feb. 26, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. STEVEN MONROE WOOLBERT, Defendant and Appellant.

Frank Duncan for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—On October 27, 1961, appellant, following his conviction for violating Health and Safety Code, section 11532, was committed to the California Youth Authority (Authority). Approximately four and one-half months after his commitment, appellant was paroled. In November 1963, Authority petitioned the Superior Court of Los Angeles County to accept the return of appellant. On December 20, the trial court denied appellant's request for probation and sentenced him to the state prison for the term prescribed by law. He appeals from the judgment.

Appellant contends that his return by the Authority and subsequent sentencing by the trial court show an abuse of discretion, and that he had a constitutional right to remain under the control of the Authority.

We find no merit in either contention.

Section 1737.1 of the Welfare and Institutions Code provides: ''Whenever any person who has been charged with or convicted of a public offense and committed to the Authority appears to the Authority, either at the time of his presenta-

tion [under section 1731.5][1] or after having become an inmate of any institution or facility subject to the jurisdiction of the Authority, to be an improper person to be retained in any such institution or facility, or to be so incorrigible or so incapable of reformation under the discipline of the Authority as to render his retention detrimental to the interests of the Authority and the other persons committed thereto, the Authority may return him to the committing court. In the case of a person convicted of a public offense, said court may then commit him to a State prison . . . as provided by law for punishment of the offense of which he was convicted.''

Under this statute the discretion conferred upon the Authority is twofold. It can determine at the outset that the potential commitee cannot be benefited by commitment to the Authority facilities; and having accepted an offender it can determine that the committee is an improper person, incorrigible or incapable of reformation, in which case the commitee must be returned to the jurisdiction of the trial court. In each case the decision is within the sound discretion of the Authority. (*People* v. *Ralph,* 24 Cal.2d 575, 583 [150 P.2d 401].)

On October 21, 1963, the Authority made an order ''. . . that Steven M. Woolbert be returned to the Superior Court . . . pursuant to the provisions of Section 1737.1, Welfare and Institutions Code.'' Pursuant to said order the Director of the Authority filed a petition with the superior court showing that appellant was paroled in order to accompany his father to Hawaii; that he failed to apprise his parole officer of his whereabouts or circumstances in Hawaii as required by the terms of the parole, and that such information was not made known until appellant's arrest by Hawaiian police; that following his return to California appellant was

[1]Section 1731.5 of the Welfare and Institutions Code provides: ''After certification to the Governor as provided in this article a court may refer to the authority any person convicted of a public offense who comes within all of the following description:

''(a) Is found to be less than 21 years of age at the time of apprehension;

''(b) Is not sentenced to death, imprisonment for life, imprisonment for 90 days or less, or the payment of a fine, or after having been directed to pay a fine, defaults in the payment thereof, and is subject to imprisonment for more than 90 days under the judgment;

''(c) Is not granted probation.

''If the authority believes that any person referred to it as provided in this section can be materially benefited by the procedure and discipline of the authority, and that proper and adequate facilities exist for the care of such person, it shall so certify to the court. The court shall thereupon commit said person to the authority.''

arrested numerous times for being drunk; that he reverted to the use of narcotics; and that the Authority believed his unrestrained freedom would be dangerous to the public.

The procedure outlined above was adequate under Welfare and Institutions Code, section 1737.1 to warrant appellant's return to the jurisdiction of the court, and the court was by this procedure reinvested with the same power to pronounce judgment for conviction of violation of section 11532 of the Health and Safety Code as it had in the first instance. The facts set forth in the petition amply warranted the trial court in complying with the clear mandate of the statute.

Appellant cites no authority for the proposition that he had a constitutional right to remain under the control of the Authority and we know of none. Moreover, it is clear that the contention is fallacious.

█ The commitment of a minor defendant to the Authority is a statutory privilege created by the Legislature and resting in the discretion of the trial court. (See Welf. & Inst. Code, §§ 1730-1741.) █ Commitment to the Authority becomes mandatory only at the time the Authority accepts the offender. (*People* v. *Santana*, 206 Cal.App.2d 318 [23 Cal.Rptr. 602].) █ The power of the trial court to commit to the Authority is statutory and not constitutional. (Cf. *In re Oxidean*, 195 Cal.App.2d 814, 817 [16 Cal.Rptr. 193].) Since there is no constitutional mandate to a trial court to commit to the Authority and since the acceptance and retention of commitees is discretionary with the Authority and since the return of commitees to the jurisdiction of the trial court is specifically provided for in the statute, it is a nonsequitur for appellant to argue that he has a constitutional right to remain in the hands of the Authority. (Cf. *In re Cruz*, 62 Cal.2d 307 [42 Cal.Rptr. 220, 398 P.2d 412].)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.