[Crim. No. 21950. Second Dist., Div. Four. Oct. 6, 1972.]

In re SAM WILLIAMS on Habeas Corpus.

54

## COUNSEL

Richard S. Buckley, Public Defender, James L. McCormick, Vince Townsend and Edward Van Gelder, Deputy Public Defenders, for Petitioner.

Joseph P. Busch, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**KINGSLEY, J.**—Petitioner was charged, under the name of A. C. Crosby, with two counts of violation of section 11910 of the Health and Safety Code and one count of violation of section 11530 of the Health and Safety Code. He pled guilty to the count charging a violation of section 11530. When the matter came on for sentence, the trial court, pursuant to para-

graph (3) of subdivision (b) of section 17 of the Penal Code,[1] suspended proceedings, granted him probation and declared the offense to be a misdemeanor. The other two counts were dismissed.

Thereafter it was discovered that, in his interviews with the probation officer, petitioner had not disclosed that he also used the name Williams and that, under that name, he had a long criminal record. On the basis of that conduct, the trial court made orders which: (1) purported to "vacate" the order of probation; (2) appointed psychiatrists under section 730 of the Evidence Code; (3) adjourned the criminal proceedings and committed petitioner to the Department of Corrections for examination and report under section 1203.03 of the Penal Code. After an unsuccessful attempt to secure relief by habeas corpus in the trial court, petitioner brought the present petition. We issued an order to show cause. The matter has been briefed. We grant a writ in the terms hereinafter indicated.

(1) In *In re Bine* (1957) 47 Cal.2d 814 [306 P.2d 445], the Supreme Court said (at p. 817): "Probation is an act of clemency and may be withdrawn if the privilege is abused. An abuse of privilege is shown where a defendant practices a deception upon the court at the time probation is granted. . . ."  ■  On the record before us, we cannot say that the trial court erred in finding that petitioner had deceived his probation officer. That officer's original report includes the statement that petitioner had denied any arrest record other than one for drunk driving and some traffic tickets. Clearly, this was false. It follows that revocation of his probation was proper.

(2)  ■  However, section 17 of the Penal Code provides that the offense is a misdemeanor "for all purposes" once any of the provisions of subdivision (b) have been invoked. In *People* v. *Hannon* (1971) 5 Cal.3d 330 [96 Cal.Rptr. 35, 486 P.2d 1235], the Supreme Court had before it a case in which a defendant had been committed to the Youth Authority— a commitment which, under paragraph (2) of subdivision (b) of section 17,

---

[1]Subdivision (b) of section 17 of the Penal Code reads, insofar as is pertinent to this appeal, as follows:

"(b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine and imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

"(2) When the court commits the defendant to the Youth Authority.

"(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

A violation of section 11530 of the Health and Safety Code is an offense to which paragraph (3), above quoted, applies.

made the offense a misdemeanor.[2] Thereafter the defendant was returned by the Youth Authority under section 1737.1 of the Penal Code. The court rejected the contention that, under those circumstances, defendant could be sentenced as a felon. We think that the same result follows here. Having once declared the offense to be a misdemeanor, the trial court was without power to reverse that determination, no matter how ill-advised the action may seem in the light of later knowledge.[3]

(3) Since the sheriff's return to our order to show cause reports that petitioner was returned to his custody from the Department of Corrections on August 3, 1972, we need not, in this proceeding, determine whether a section 1203.03 commitment was properly made under the circumstances herein involved.[4]

The order to show cause is discharged. Let a writ of habeas corpus issue, directing the Sheriff of Los Angeles County to return petitioner to the superior court of that county, there to be arraigned for such action, consistent with this opinion, as to the court may seem proper.

Jefferson, Acting P. J., and Dunn, J., concurred.

---

[2]See footnote 1, *supra*.

[3]Since we regard the *Hannon* decision as controlling on the effect of a declaration under section 17, it is immaterial that the trial court's order was cast in terms of "Vacating" rather than "Revoking" the probation.

We note, also, that, since it appears from the record that petitioner had been released, pursuant to the original order, the trial court was without power to substitute a new sentence other than by way of revocation of probation. (See Witkin, Cal. Criminal Procedure (1963) §§ 634, 635, pp. 622-623.)

[4]We can see no reason why, in considering what action to take with reference to petitioner, the trial court cannot consider any relevant information or recommendation resulting from the section 1203.03 examination, so long as its action is consistent with a misdemeanor conviction.