Filed 12/1/15  P. v. Sarabia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GERARDO LEDESMA SARABIA,<br><br>Defendant and Appellant. | F068881<br><br>(Fresno Super. Ct. No. F13902654)<br><br>**OPINION** |

-----

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  John N. Gallagher, Jr., Judge.  (Retired Judge of the Fresno Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

C. Matthew Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

On March 26, 2013, defendant Gerardo Ledesma Sarabia was convicted by no contest plea of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); a felony) and driving with a suspended license (Veh. Code, § 14601.1, subd. (a); a misdemeanor). At sentencing, the trial court suspended imposition of sentence and granted him three years' formal probation on the condition that he serve 76 days in county jail. The court granted 16 days of credit and ordered him to serve the remaining 60 days in the Adult Offender Work Program.

On September 24, 2013, defendant admitted violating probation by failing to complete the Adult Offender Work Program. The court revoked probation, then reinstated probation on the condition that defendant serve 76 days in county jail. The court granted 30 days of credit and ordered defendant to serve the remaining 46 days in the Adult Offender Work Program.

On December 20, 2013, defendant again admitted violating probation by failing to appear for three drug tests. He contends on appeal that at this probation violation hearing, the court sentenced him, in response to his request, to a misdemeanor sentence of 364 days in jail with no probation. He asks that we direct the trial court to clarify the record to reflect this sentence. The People argue that remand to the trial court is necessary for clarification because it is unclear from the record whether the court intended to impose a misdemeanor sentence or continue defendant on felony probation that would terminate at the end of his jail term. We vacate the sentence and remand for clarification and resentencing.

**BACKGROUND**

The following occurred at the probation violation hearing on December 20, 2013:

"THE COURT: [Defendant] is here on a violation of probation matter in this case ending 654. We trailed this from the 16th.

2.

"[DEFENSE COUNSEL]: Yes, Your Honor. At this time [defendant] does wish to admit a violation of probation for failing to show up to Probation to drug test on October 8th, October 15th and October 18th.

"THE COURT: Okay. [¶] Is that correct, [defendant]? You do admit failing to submit to drug test, those three weeks or three dates in October?

"THE DEFENDANT: Yes.

"THE COURT: Okay. We will accept the admission, find you in violation, find you eligible for reinstatement. [¶] And is Probation … recommending 90 days['] straight time, no Adult Offender?

"[PROBATION OFFICER]: Say again?

"THE COURT: Is Probation recommending 90 days, no work offender program here?

"[PROBATION OFFICER]: Um, he has a balance of 60 days left. [¶] Just a minute. [¶] Can we go off the record for a minute?

"THE COURT: Yes.

"(Off the record.)

"THE COURT: Going back on the record with respect to the time to be served, Probation is reinstated. [¶] Defense counsel wanted to be heard with respect to whether or not the defendant wants to be on probation or would rather just serve out his 36 days?

"[DEFENSE COUNSEL]: Yes, [defendant] would prefer to not be on probation and we will submit on the credits.

"THE COURT: So if he had the opportunity to be reinstated, he is denying that and wants to just serve straight time?

"[DEFENSE COUNSEL]: Yes, Your Honor, due to the—

"THE COURT: Is that correct, [defendant]?

"THE DEFENDANT: Yes.

"THE COURT: Very well. Since you are denying probation—and did the People or Probation want to be heard on the defendant serving 364 days with probation being terminated at the conclusion of that?

3.

"[PROSECUTOR]: No, Your Honor.

"[PROBATION OFFICER]: Submit it.

"THE COURT: Okay. So we'll order you to serve 364 days, award you time credits of 144, that's 72 actual, 72 good time work time and two it should be—

"[PROBATION OFFICER]: 146.

"THE COURT: 146.

"[PROBATION OFFICER]: Yes.

"THE COURT: Yeah, 146, and the balance of the 364 days will begin immediately, be concurrent with any other term, and probation is denied. [¶] Any questions?

"THE DEFENDANT: No.

"THE COURT: Okay. Good luck to you, [defendant]. [¶] And any fines or fees will be suspended since he's doing a straight year."

The minute order notes that probation "remain[ed] revoked" and defendant was to serve 364 days in the county jail. It states that defendant's tentative release date was April 8, 2014.

On February 11, 2014, defendant requested a certificate of probable cause on the ground that he had recently been informed he was required to report to probation after his release from jail even though the sentencing judge and his attorney had told him he would not be on probation upon his release. The trial court (the same judge who had presided over the December 20, 2013, hearing) denied his request for a certificate of probable cause, writing on the form: "[P]robation is to terminate upon completion of jail term = 4/8/14. Minute order failed to reflect the termination."

## DISCUSSION

Most crimes are designated as a felony or a misdemeanor. "A felony is a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of

4.

subdivision (h) of [Penal Code] Section 1170.  Every other crime or public offense is a misdemeanor except those offenses that are classified as infractions."  (Pen. Code, § 17, subd. (a).)

A "wobbler" is a crime that may be punished, in the court's discretion, as *either* a felony or a misdemeanor.  (*People v. Park* (2013) 56 Cal.4th 782, 789.)  The court's choice of punishment establishes whether the wobbler is a felony or a misdemeanor: when the court imposes "a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of [Penal Code] Section 1170," by operation of law, the crime is a misdemeanor for all purposes.  (Pen. Code, § 17, subd. (b)(1); see *People v. Trausch* (1995) 36 Cal.App.4th 1239, 1247.)

According to its terms, Health and Safety Code section 11377 subdivision (a) is a wobbler, punishable "by imprisonment in a county jail for a period of not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code."  Because the trial court initially suspended imposition of sentence and granted probation, the offense was "a felony for all purposes until judgment or sentence and if no judgment [was] pronounced it [would] remain[] a felony [citations]."  (*People v. Esparza* (1967) 253 Cal.App.2d 362, 364–365.)  The court "retained discretion to impose felony or misdemeanor punishment at a later date …."  (*People v. Hannon* (1971) 5 Cal.3d 330, 334.)  But imposition of jail time as a condition of felony probation does not reduce a felony to a misdemeanor.  (*People v. Livingston* (1970) 4 Cal.App.3d 251, 254–255.)

In this case, defendant stated his preference for serving a "straight year" rather than receiving another grant of probation.  During the discussion, the trial court stated it was reinstating probation, revoking probation, and denying probation.  We suspect that the court intended to impose 364 days of jail time as a condition of felony probation that would be terminated at the end of that jail time (as the court seems to have reiterated on defendant's request for a certificate for probable cause).  It is also possible, however, that the court revoked probation and imposed a misdemeanor sentence.  Either way, the

5.

record is clear that defendant was not to be on probation following the completion of the jail time.  We will remand to the trial court for clarification of whether it intended to impose a misdemeanor sentence and for issuance of an amended minute order.

## DISPOSITION

The judgment of conviction is affirmed, but the sentence is vacated.  The matter is remanded to the trial court for clarification and resentencing, and for amendment of the minute order to reflect that clarified sentence.  The court is directed to forward certified copies of the amended minute order to the appropriate entities.