[Civ. No. 81.   First Appellate District.—November 14, 1905.]

## C. E. KINARD, Appellant, v. POLICE COURT OF CITY OF OAKLAND et al., Respondents.

CRIMINAL LAW—MISDEMEANOR—BAR BY PRIOR DISMISSAL—JURISDICTION—PROHIBITION.—A writ of prohibition will not lie to restrain a police court from exercising its jurisdiction to determine a charge of misdemeanor, and whether, upon proper pleading by the defendant, the prosecution is barred by the dismissal of a former prosecution for the same offense, under the provisions of sections 1385 and 1387 of the Penal Code.

ID.—PRESUMPTION—REMEDY BY APPEAL.—It is presumed that the police court will hear and determine all questions, and give a correct judgment thereon; but if the facts pleaded and proved constitute a bar, and the court does not so hold, the defendant will have a plain and speedy remedy by appeal.

ID.—OFFICE OF PROHIBITION.—The writ of prohibition only lies where the inferior tribunal is proceeding, or is about to proceed, in excess of its jurisdiction, and it cannot be used for the purpose of correcting anticipated errors.

APPEAL from a judgment of the Superior Court of Alameda County, denying a writ of prohibition.   Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

C. E. Kinard, Appellant *in pro. per.*

George Samuels, for Police Court, Respondent.

COOPER, J.—Appeal from judgment and order denying writ of prohibition.

Petitioner alleges that he is being prosecuted in the police court of the city of Oakland, before Mortimer Smith, the judge of said court, upon a charge of misdemeanor in embezzling the sum of $14, the property of one Holloway. He moved to dismiss the proceedings upon the ground that the charge was the same offense included in a prior charge against him in the police court, which prior charge was dismissed. His position is that, the prior charge being dismissed, such dismissal is a bar to any other or further prosecution for the same offense, under the provisions of sections 1385 and 1387 of the Penal Code. If it be conceded that petitioner had been before the court on a prior charge for the same offense, and the charge dismissed, and that such dismissal constitutes a bar, it does not follow that the court has no jurisdiction. The court has power to hear and determine the charge, and any and all matters tending to show a prior acquittal, or that the offense is barred by prior proceedings. It is presumed that the police court will hear and determine all questions, and give a correct judgment thereon. On a motion to dismiss the court may not have had all the facts before it. On the trial the defendant will be entitled, if properly pleaded, to prove all the facts, and if they constitute a bar, and the court does not so hold, defendant will have a plain and speedy remedy by appeal.

The writ of prohibition will only issue in cases where the inferior tribunal is proceeding, or is about to proceed, in excess of its jurisdiction. It cannot be used for the purpose of correcting anticipated errors. (*Raine* v. *Lawlor,* 1 Cal. App. 483, [82 Pac. 688].)

The judgment is affirmed.

Harrison, P. J., and Hall, J., concurred.