[Civ. No. 39556. Second Dist., Div. Two. Mar. 6, 1972.]

TIMOTHY ROSS NECOCHEA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Eagleton & Petterson and James Petterson for Petitioner.

No appearance for Respondent.

Joseph P. Busch, District Attorney, Harry Wood and Daniel L. Lieberman, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**ROTH, P. J.**—On September 13, 1971 a complaint was filed alleging the commission of three misdemeanors (Pen. Code, §§ 470 and 475a). After arraignment and continuance of the plea, and thus before the plea to the charges, a new complaint was filed alleging the three offenses as felonies, the misdemeanor complaint was dismissed in the interests of justice (Pen. Code, § 1385), and thereafter a preliminary hearing was held on the felony complaint. Petitioner was held to answer. An information was filed setting forth the offenses as felonies, a plea of not guilty to the charges was entered, and petitioner's ensuing motion to dismiss the information (Pen. Code, § 995) was denied.

The issue in this proceeding which seeks to prohibit[1] the respondent court from holding a trial on the felony charges is whether the district attorney's election to file a complaint specifying the offenses as misdemeanors (Pen. Code, § 17, subd. (b)(4)) is a conclusive election irrespective of the facts which caused a dismissal of the misdemeanor complaint. If it is "conclusive," as petitioner contends it is, the contended-for effect would be to prevent the filing of a new complaint since the district attorney's election to file misdemeanor charges would, under petitioner's view, deprive him of the power to raise the misdemeanor characterization of the charges to a felony classification. Petitioner relies in this regard on Penal Code section 17, subdivision (b)(4), which provides in essence that in the case of an offense alternatively punishable as a felony or misdemeanor the filing of a misdemeanor complaint classifies the crimes as a misdemeanor "for all purposes."[2]

The case most closely in point, *People* v. *Hannon,* 5 Cal.3d 330 [96 Cal.Rptr. 35, 486 P.2d 1235], which has received scant attention from the parties herein, held that a commitment to the Youth Authority, which

---

[1]*Kinard* v. *Police Court,* 2 Cal.App. 179 [83 P. 175] suggests prohibition is not the proper remedy, but since *People* v. *Hannon,* 5 Cal.3d 330 [96 Cal.Rptr. 35, 486 P.2d 1235] (treated *infra*) states collateral relief is available, we have ignored *Kinard.*

[2]Section 17, subdivision (b) reads as follows: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

" . . . . . . . . . . . .

"(4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint."

classifies an alternatively punishable offense as a misdemeanor (Pen. Code, § 17, subd. (b)(2)), is an irrevocable characterization of the crime as a misdemeanor, and that a court cannot after the termination of the commitment treat the returned offender as a felon.

The analysis in *Hannon* of the history of the Penal Code section 17, demonstrates that, as presently drafted, that section was intended to and does define by the various alternatives therein detailed the circumstances under which an alternatively punishable offense becomes (and remains) a misdemeanor. *Hannon* emphatically proscribes a change from misdemeanor to felony classification (5 Cal.3d at p. 340) at any time during the course of a criminal proceeding.

The underlying question at bench is the relationship of the first (misdemeanor) to the second (felony) proceedings. If the first aborted proceeding can effectively circumscribe and govern the nature of the second proceeding, petitioner has crossed the threshold, and we can proceed to the issue whether the first complaint can govern the second in the precise manner sought for at bench.

It is settled that the dismissal of a misdemeanor complaint filed in municipal court does not bar a second prosecution for felony by indictment or information. (*People* v. *Combes,* 56 Cal.2d 135, 145 [14 Cal.Rptr. 4, 363 P.2d 4]; *People* v. *Mitman,* 122 Cal.App.2d 490, 494 [265 P.2d 105] cert. den. 347 U.S. 991 [98 L.Ed. 1125, 74 S.Ct. 854].) The dismissal of a felony complaint does not bar the filing of another complaint whether for a felony or misdemeanor. (*People* v. *Nelson,* 228 Cal.App.2d 135, 137 [39 Cal.Rptr. 238].) There is accordingly no relationship between first and second proceedings when the first is aborted by a dismissal, other than in the narrow sense of Penal Code section 1387. Under that section an order of dismissal is a bar to "any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony."

We must therefore determine whether the district attorney's election under Penal Code section 17, subdivision (b)(4), making the crime a misdemeanor "for all purposes," is a characterization that attaches not only to the proceedings initiated by the complaint, but also to subsequent proceedings brought under a new and different complaint. (*People* v. *Hannon, supra.*)

The purpose of section 17, subdivision (b)(4), is plainly to benefit

the offender and to encourage misdemeanor filings where such appear to be warranted.[3] Where, as here, a filing is effectively aborted by the order of dismissal, a judicial act, the district attorney's attempt to extend misdemeanant treatment to the offender is also at an end. Pragmatically, the election to charge an alternatively punishable offense as a misdemeanor is not made on the abstract (and erroneous) grounds that the offense *is* conceptually a misdemeanor but it is rather intended to extend misdemeanant treatment to a potential felon. In other words, the purpose of 17, subdivision (b)(4), is not to vest the prosecutor with the judicial prerogative of decreeing in the form of a judgment the misdemeanor-felony nature of the crime, but rather to vest the district attorney with the right to extend more lenient treatment to an offender. An exercise of the prerogative detailed in section 17, subdivision (b)(4), would not be encouraged if prosecuting agencies would have to avail themselves thereof at the peril that even if the proceeding is terminated by a dismissal, the original election would be forever binding. In view of the clear policy of the law favoring an expeditious resolution of misdemeanor charges (Pen. Code, §§ 1382, 1387) the dismissal of a misdemeanor proceeding cannot be followed by yet another misdemeanor complaint and when such a dismissal is entered, court and counsel are well aware of the reality that the offender either goes free or to a preliminary hearing upon a felony complaint.[4]

 We hold that the district attorney could, under the circumstances at bench, lawfully file the complaint charging the commission of felonies and proceed thereon and that the motion to dismiss the information was appropriately denied.

---

[3]In addition to the foregoing, section 17, subdivision (b)(4) and (5), vests the municipal court with jurisdiction to proceed to judgment in a case which could, in view of the alternative punishments obtaining, theoretically result in a felony conviction, notwithstanding the prosecutor's and defendant's agreement to a misdemeanor disposition. Prior to section 17, subdivision (b)(4) and (5), the municipal court was limited in many instances to accepting a plea and was required to certify what was in essence a misdemeanor case to the superior court for judgment. Section 17, subdivision (b)(4) and (5), obviates this cumbersome procedure.

[4]If in fact the offense is only a misdemeanor and is not alternately punishable, the result, in view of our policy on misdemeanor charges, is fair. In such an event the court dismissing the charge knows that the offender will go free. If the offense is potentially a felony, society has a much greater interest in its punishment, and there is nothing inequitable in the fact that the district attorney cannot then repeat his offer of more lenient treatment, which had been once extended but terminated by the court's order of dismissal.

The alternative writ of prohibition is discharged, and a peremptory writ of prohibition is denied.

Fleming, J., and Compton, J., concurred.