[Civ. No. 14888. Third Dist. Apr. 17, 1975.]

VINCENT JOSEPH MALONE, JR., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO
COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

314

COUNSEL

Kenneth M. Wells, Public Defender, and Burton R. Loehr, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Janice Hayes, Deputy Attorneys General, for Real Party in Interest.

OPINION

**FRIEDMAN, Acting P. J.**—Opinion on rehearing. Petitioner seeks a writ of prohibition to prevent further proceedings upon an indictment charging him with receiving stolen property (Pen. Code, § 496) and alleging three prior felony convictions.

The prosecution had been initiated by a complaint charging petitioner with burglary and with receiving stolen goods. At the preliminary hearing the district attorney "stipulated" that both charges were to be tried as misdemeanors.[1] Defense counsel joined in the "stipulation." The magistrate then inquired whether defendant waived formal arraignment "on these counts as misdemeanors." Defendant entered a not guilty plea and the case was set down for a jury trial in the municipal court.

At the time of the preliminary hearing the magistrate was aware of a "parole hold" lodged against petitioner, that is, that he had at least one prior felony conviction. Actually, petitioner had three priors.[2] According

---

[1]Both second degree burglary and receiving stolen goods are punishable by a state prison sentence or by a county jail term of not more than one year. (Pen. Code, §§ 461, 496.)

[2]The People's return to our order to show cause avoids a forthright declaration that the district attorney was either aware or ignorant of the three priors at the time of the preliminary hearing.

to the People's return to our order to show cause, the district attorney later discovered some aggravating features of defendant's activity. The new information prompted the district attorney to file a second complaint and to seek a felony indictment at the hands of the grand jury. The grand jury did not indict on the burglary charge but did return an indictment charging defendant with receipt of stolen goods and three prior felony convictions. Following the indictment the magistrate dismissed both complaints "in furtherance of justice" at the district attorney's request. (Pen. Code, § 1385.)

The magistrate court proceeding reducing the charges to misdemeanors took place under the authority of Penal Code section 17, subdivision (b), subsection (5). On its face, that statute authorizes a magistrate to reduce an alternative felony-misdemeanor to a misdemeanor when the parties consent.[3] Petitioner argues that the parties' consent and the magistrate's determination to proceed at the misdemeanor level conclusively fixed the character of the charged offenses as misdemeanors, whose dismissal bars another prosecution for the same offense. He invokes Penal Code section 1387, which declares that dismissal "is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony."

We commence our analysis by comparing subsections (4) and (5) of section 17, subdivision (b) (fn. 3, *ante*). The former invests the district attorney with a pre-prosecution choice, which permits him to extend lenience to the defendant by a complaint designating the offense as a misdemeanor rather than felony. The election may be made by the district attorney alone, provided the defendant does not object. Subsection (5) permits a similar mitigation through an election which occurs after the prosecution gets under way. On its face, subsection (5) requires the concurrence of the prosecution, the defense and the magistrate. Both

---

[3]Penal Code section 17, subdivision (b), provides in part: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

" . . . . . . . . . . . . .

"(4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint.

"(5) When, at or before the preliminary examination and with the consent of the prosecuting attorney and the defendant, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

subsections are aimed at similar objectives—to permit the selection of offenders who merit more lenient treatment, to encourage guilty pleas by limiting the potential penalty and to save court time and expense. (*People* v. *Ayala,* 34 Cal.App.3d 360, 365 [109 Cal.Rptr. 193]; *Necochea* v. *Superior Court,* 23 Cal.App.3d 1012, 1016 [100 Cal.Rptr. 693].)

Often the district attorney doesn't have enough information to make a firm election before filing the complaint or in the prosecution's early stage. New knowledge may reveal that mitigation of the charge was a regrettable choice. Penal Code section 1387 exhibits a design to endow the prosecutor with flexibility. It permits a second prosecution for felony by indictment or information after a misdemeanor complaint has been dismissed. (*People* v. *Ayala, supra,* 34 Cal.App.3d at p. 364; *Necochea* v. *Superior Court, supra,* 23 Cal.App.3d at p. 1015.) ▮ Thus, when a district attorney elects under subsection (4) of section 17, subdivision (b), to prosecute the offense as a misdemeanor, that election is not conclusive; it does not prevent dismissal of the misdemeanor complaint and initiation of a felony prosecution based upon the same occurrence. (*Necochea* v. *Superior Court, supra,* 23 Cal.App.3d at p. 1016.)

▮ Awareness of the kindred policy underlying subsection (5) justifies the assumption that similar flexibility should hold sway, that an election made in the magistrate court under subsection (5) could be voided should new knowledge warrant a felony charge. A constitutional policy supervenes. *Esteybar* v. *Municipal Court,* 5 Cal.3d 119 [95 Cal.Rptr. 524, 485 P.2d 1140], observes that subsection (5)—unlike subsection (4)—involves the magistrate in the election between felony and misdemeanor proceedings. "[The magistrate's] act of holding a defendant to answer a felony or a misdemeanor charge is a judicial act and involves an exercise of judicial discretion. . . . Since the exercise of a judicial power may not be conditioned upon the approval of either the executive or legislative branches of government, requiring the district attorney's consent in determining the charge on which a defendant shall be held to answer violates the doctrine of separation of powers. . . . Penal Code section 17, subdivision (b)(5), violates article III, section 1 of the California Constitution insofar as it requires the consent of the prosecutor before a magistrate may exercise the power to determine that a charged offense is to be tried as a misdemeanor." (*Id.* at pp. 126-128.)[4]

[4]The *Esteybar* ruling calls for a careful distinction between reduction of a crime to the misdemeanor level under section 17, subdivision (b)(5) and a plea bargain under section 1192.5. Recently, in *People* v. *Orin,* 13 Cal.3d 937, 943 [120 Cal.Rptr. 65, 533 P.2d 193] (filed Apr. 4, 1975), the Supreme Court noted the indispensability of the district attorney's

■ After the magistrate, with or without the prosecutor's concurrence, has acted under subsection (5) to fix the offense as a misdemeanor, the prosecutor's ex parte dismissal of the action and initiation of a new felony proceeding would effectively frustrate the magistrate's judicial act. Were it permissible, that conduct would unconstitutionally invade the magistrate's judicial authority. It is not permissible. Although section 1385 permits a district attorney to request a dismissal in furtherance of justice, only the court may order it. Thus, the judicial branch controls both the first prosecution's classification as a felony or misdemeanor proceeding and its later dismissal for the purpose of a second prosecution. (See *People* v. *Orin, supra,* 13 Cal.3d at p. 949.)

As we have noted, section 1387 gives the prosecutor flexibility to act upon tardy information warranting a felony action. A judicial determination under subsection (5) of section 17, subdivision (b) does not deprive him of that flexibility, provided he obtains the court's consent. The court's judicial act under subsection (5) may be abrogated by its judicial act in permitting a dismissal for the sake of a new prosecution. The parallel objectives of subsections (5) and (4) of section 17, subdivision (b) support the same result under the former as the *Necochea* decision reached under the latter—neither election is conclusive and neither need defeat a dismissal and later felony prosecution.

When the court is asked to dismiss a prosecution after having fixed the offense as a misdemeanor under section 17, subdivision (b)(5), the court may reconsider that determination and consent to a new felony prosecution by an appropriate finding or declaration in the minute order which declares its reasons for dismissal. (See *People* v. *Orin, supra,* 13

---

consent to a plea bargain. Thus a line should be drawn between a proceeding under section 17, subdivision (b)(5) dispensing with prosecutorial consent and a plea bargain necessitating it. A recent (1974) amendment of section 1192.5 has confirmed the availability of felony plea bargaining in the municipal court. As a consequence, plea bargaining and reduction to a misdemeanor may sometimes blend in a single municipal court proceeding. Here, in any event, there was no plea bargain; after the two offenses were reduced to misdemeanors, petitioner pleaded innocent to both charges and demanded a jury trial.

Absence of a plea bargain impels rejection of petitioner's complaint that the prosecutor breached a stipulation, i.e., a binding agreement in open court. Section 17, subdivision (b)(5) refers to "consent," not a stipulation. The prosecutor indulged in ill-chosen. professional jargon when he offered to "stipulate" that the case could proceed at the misdemeanor level. Section 17. subdivision (b)(5) refers to "consent," and no more than consent was intended. Initiation of a second prosecution at the felony level breached no stipulation.

Cal.3d at pp. 943-944.) Here the municipal judge distinctly withheld consent to the district attorney's attempt to restore the offense to a felony level. A transcript of the oral proceedings at the time of dismissal contains a colloquy set forth in the margin.[5]

The judge's courtroom statement to petitioner requires interpretation. No reasonable interpretation may be drawn other than this—that the municipal judge viewed his decision under section 17, subdivision (b)(5) as a deliberate judicial act; that the judge was thoroughly conscious of his constitutional prerogatives as an "independent arbiter" exercising a judicial function immune from prosecutorial interference. (*Esteybar* v. *Municipal Court, supra,* 5 Cal.3d at p. 127); that the judge opposed any ex parte attempt of the district attorney to renew a felony prosecution after the offense had been judicially classed as a misdemeanor; being unrepresented in the superior court, the judge sought to utilize the defendant's court-appointed counsel as a conduit for transmitting the judge's opposition to the superior court.

Here, the dismissal order did not express or imply the magistrate's consent to abrogation of the judicial act by which the offenses had been classified as misdemeanors. Because their character as misdemeanors

---

[5]"THE COURT: Oh, yes. Mr. Malone, yours was the case that they filed as a misdemeanor.

"DEFENDANT: Right.

"THE COURT: And what have you done with this one, Mr. Karowsky [deputy district attorney]?

"MR. KAROWSKY: Your Honor, my information is that on these charges, the defendant was indicted Tuesday night. We would move to dismiss the currently pending charges.

"THE COURT: Mr. Malone, I'm going to dismiss these charges. They are going to rearrest you.

"DEFENDANT: They already have.

"THE COURT: On the indictment?

"DEFENDANT: Right. .

"THE COURT: When you get up to the Superior Court and it is arraigned, you will have the right to have counsel appointed. Do you have the money to hire your own lawyer?

"DEFENDANT: Not now.

"THE COURT: You ask for the public defender, and you tell the public defender to make a motion that this Court has suppressed the continual prosecution of [sic] any court of any cases that have been deemed misdemeanors, and he will present the questions directly to the Superior Court at that time.

"DEFENDANT: Will my next appearance be in Superior Court?

"THE COURT: It will be in Superior Court.

"DEFENDANT: Thank you, sir.

"THE COURT: All right, this matter will be dismissed."

persisted, dismissal of the complaint barred further prosecution. (Pen. Code, § 1387.)

Let a writ of prohibition issue as prayed.

Regan, J., and Janes, J., concurred.

A petition for a rehearing was denied May 5, 1975, and the petition of the real party in interest for a hearing by the Supreme Court was denied June 26, 1975. Richardson, J., did not participate therein.