Filed 4/26/23 (unmodified opn. attached)

<u>**CERTIFIED FOR PUBLICATION**</u>

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| JORGE LUIS BARRON,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>  Respondent;<br><br>THE PEOPLE,<br><br>  Real Party in Interest. | F085382<br><br>(Super. Ct. No. 22CR-04279A)<br><br><br>**MODIFICATION OF OPINION [NO CHANGE IN JUDGMENT]** |

**THE COURT:**

On this court's own motion, it is ordered that the opinion herein filed on April 13, 2023, be modified as follows:

1.  On page 2 under **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**, the last sentence of the first paragraph is deleted and replaced with the following:

> The committing magistrate partially granted the motion by ordering count 2, active participation in a criminal street gang, be dismissed as well as the gang enhancements to counts 1 and 3.

> This modification does not effect a change in the judgment.

FRANSON, Acting P.J.

WE CONCUR:


SMITH, J.


DE SANTOS, J.

Filed 4/13/23 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| JORGE LUIS BARRON,<br><br>　　　　Petitioner,<br><br>　　　　　v.<br><br>THE SUPERIOR COURT OF MERCED COUNTY,<br><br>　　　　Respondent;<br><br>THE PEOPLE,<br><br>　　　　Real Party in Interest. | F085382<br><br>(Merced Super. Ct. No. 22CR-04279A)<br><br>**OPINION** |

**THE COURT**

ORIGINAL PROCEEDINGS; petition for writ of mandate. Steven K. Slocum, Judge.

Jon K. Renge for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric Christoffersen and Kimberley A. Donohue, Deputy Attorneys General, for Real Party in Interest.

-ooOoo-

Petitioner, Jorge Luis Barron, sought dismissal of the third attempt by the Merced County District Attorney to prosecute him for felony escape by force or violence under Penal Code section 4532, subdivision (b)(2).[1]  The People argue the exception to the two-dismissal rule set forth in section 1387, subdivision (c), applies and allows the third prosecution to proceed.  We hold the exception to the two-dismissal rule does not apply to these factual circumstances and further prosecution of petitioner for escape is barred by section 1387.  As petitioner is entitled to relief as a matter of law and further prosecution would be prejudicial, peremptory writ relief is warranted.

## FACTUAL AND PROCEDURAL HISTORY

### First Prosecution

On January 14, 2021, the Merced County District Attorney filed a complaint alleging petitioner escaped from the Merced County jail by force or violence (§ 4532, subd. (b)(2); count 1) with a gang enhancement (§ 186.22, subd. (b)(1)(A)); actively participated in a criminal street gang (§ 186.22, subd. (a); count 2); and conspired to commit an escape (§§ 182, subd. (a)(1), 4532, subd. (b)(2); count 3) with a gang enhancement (§ 186.22, subd. (b)(1)(A)).  On April 1, 2022, the district attorney filed an information containing the same charges.  Petitioner moved to set aside the information under section 995.  The trial court partially granted the motion by ordering count 2, active participation in a criminal street gang, be dismissed as well as the gang enhancements to counts 1 and 3.

---

[1]     Further statutory references are to the Penal Code.

Immediately after the ruling, the prosecution orally moved to dismiss the case. The trial judge declined to issue an oral ruling on the dismissal request but signed a written order dismissing the case the next day, June 7, 2022.[2]

**Second Prosecution**

On June 8, 2022, the Merced County District Attorney filed a second criminal complaint under a new case number, presenting the same charges against petitioner. A preliminary hearing was set for July 25, 2022. On the date of the preliminary hearing, the Merced County jail provided a transportation status sheet indicating petitioner had been exposed to COVID-19 and was under quarantine until August 10, 2022. Petitioner's counsel noted there had not been a time waiver. Petitioner was amenable to setting the preliminary hearing in early August 2022 (prior to the 60-day deadline), but noted if the preliminary hearing was not completed before the 60-day deadline set forth in section 859b, the case must be dismissed. The trial court determined the best that could be done in the circumstances was to set a date for the preliminary hearing within the 60-day period and see if petitioner was medically cleared to appear. Accordingly, the trial court continued the preliminary hearing to August 4, 2022.

On August 4, 2022, the Merced County jail provided an updated transportation status sheet indicating petitioner had tested negative but was still under quarantine until August 10, 2022. The trial court continued the preliminary hearing for a second time to August 8, 2022.

Petitioner appeared by videoconference at the hearing on August 8, 2022. He refused to waive his right to appear in person for the preliminary hearing. Noting

---

[2] The order did not specify the statutory basis for the dismissal. The People concede in the informal response to this writ petition the dismissal was in the furtherance of justice under section 1385.

August 8, 2022, was the last day to hold the preliminary hearing, and petitioner was not able to be present, the trial court dismissed the case under section 859b.

**Third Prosecution**

The Merced County District Attorney filed a third complaint bearing a new case number on August 12, 2022. Both the complaint and information that followed contained count 1 from the prior two prosecutions: escape by force or violence (§ 4532, subd. (b)(2)) with an enhancement alleging the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)).

Petitioner moved to dismiss the information, alleging further prosecution was barred under the two-dismissal rule. Petitioner presented two arguments. First, he explained the exception to the two-dismissal rule found in section 1387, subdivision (c), required the first prosecution to be dismissed pursuant to section 859b, 861, 871, or 995. The first dismissal was made in the furtherance of justice under section 1385, which is not one of the enumerated grounds listed in section 1387, subdivision (c). Second, even if the exception found in section 1387, subdivision (c), applied, petitioner argued the termination of the second prosecution was not based on good cause because the quarantine protocol exceeded the guidelines from the Centers for Disease Control and Prevention and it was not shown why greater protections were necessary in this instance. The prosecution filed an opposition but did not address petitioner's first argument.

A hearing was held on the motion to dismiss on November 17, 2022. In response to petitioner's first argument, the prosecution countered that it did not matter what statutory ground was relied upon as to the first dismissal for the exception to the two-dismissal rule in section 1387, subdivision (c), to apply. The trial court proceeded to orally deny the motion to dismiss the information without comment.

Petitioner filed the instant petition for writ of prohibition with this court on December 9, 2022. On December 29, 2022, we requested briefing and notified the

4

parties this court may elect to issue an order for peremptory relief in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.)

The People filed an informal response on February 14, 2023, and petitioner filed a reply on February 28, 2023. The matter stands ready for adjudication.

## DISCUSSION

We are presented with undisputed facts. Petitioner is presently facing a third prosecution for escape by force or violence with the first prosecution being dismissed in the furtherance of justice under section 1385 and the second prosecution being dismissed under section 859b.

### Standard of Review

" 'Questions of statutory interpretation, and the applicability of a statutory standard to undisputed facts, present questions of law, which we review de novo.' " (*California State University, Fresno Assn., Inc. v. County of Fresno* (2017) 9 Cal.App.5th 250, 265.) At issue is whether the exception to the two-dismissal rule found in section 1387, subdivision (c), applies to the undisputed facts of this case. "These are questions of statutory interpretation that we must consider de novo." (*People v. Prunty* (2015) 62 Cal.4th 59, 71; see also *People v. Salcido* (2008) 166 Cal.App.4th 1303, 1311 [reviewing questions of statutory interpretation of section 1387 under the de novo review standard].)

### The Two-Dismissal Rule Under Section 1387, Subdivision (a)

"[S]ection 1387 limits the number of times the prosecution may dismiss and refile charges." (*Jackson v. Superior Court* (2017) 4 Cal.5th 96, 107.) "Although the text of section 1387 is 'hardly pellucid' (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1018), it generally permits the prosecution to refile felony charges following dismissal only once." (*Jackson*, at p. 103; *People v. Trujeque* (2015) 61 Cal.4th 227, 255 ["Put another way, section 1387 allows for only one previous termination or dismissal of a

5

felony."].) "This limitation, known as the 'two-dismissal rule,' was enacted in 1975 in order to prevent harassment of defendants by repeated dismissal and refiling of charges, to limit prosecutorial forum shopping, and to protect defendants' speedy trial rights." (*Jackson*, at p. 103.)

"By providing that a single dismissal of a misdemeanor bars further prosecution for the same offense but requiring two dismissals for felonies, '[s]ection 1387 reflects a legislative judgment that because of the heightened threat to society posed by serious crimes, more filings should be permitted for serious crimes than for minor ones.' [Citation.] 'As further proof of this intent, while two filings are allowed for most felonies, section 1387.1 carves out the most serious category of felonies, violent felonies, and allows a third filing for these crimes under certain circumstances.' " (*People v. Juarez* (2016) 62 Cal.4th 1164, 1170–1171.)

The two-dismissal rule set forth in section 1387, subdivision (a) reads as follows: "An order terminating an action pursuant to this chapter, or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony … and the action has been previously terminated pursuant to this chapter, or Section 859b, 861, 871, or 995 .…" (§ 1387, subd. (a).) " 'This chapter' refers to chapter 8 of title 10 of part 2 of the Penal Code, entitled 'Dismissal of the Action for Want of Prosecution or Otherwise.' " (*Casey v. Superior Court* (1989) 207 Cal.App.3d 837, 842–843.) The chapter contains section 1385, which permits the prosecutor to move to dismiss an action in the furtherance of justice. Here, the second prosecution was terminated under section 859b, and the action had been previously terminated pursuant to "this chapter," more specifically, section 1385. The two-dismissal rule contained in section 1387,

subdivision (a), bars further prosecution unless an exception applies.[3]  We therefore turn to the exception set forth in section 1387, subdivision (c).

### The "Good Cause" Exception of Section 1387, Subdivision (c)

The exception to the two-dismissal rule reads:

"[I]f the previous termination was pursuant to Section 859b, 861, 871, or 995, the subsequent order terminating an action is not a bar to prosecution if:

> "(1) Good cause is shown why the preliminary examination was not held within 60 days from the date of arraignment or plea."  (§ 1387, subd. (c).)

Petitioner's argument focuses on the language and requirements of the initial clause of the exception, stating "if the previous termination was pursuant to Section 859b, 861, 871, or 995."  Petitioner contends the previous termination was made under section 1385 and is not one of the enumerated grounds set forth in the initial clause of the sentence.  He also argues the language of the exception, specifically the use of the terms "previous termination" and "subsequent order terminating an action," indicate the initial clause refers to the termination of the first prosecution and the second clause describes the termination of the second prosecution.  While termination of the second prosecution is not to be considered a bar to further prosecution if there is good cause to not hold the preliminary hearing within 60 days, petitioner contends the initial clause creates a condition precedent and the exception only applies to circumstances where the first prosecution was terminated for one of the four enumerated grounds listed therein.

---

[3]      The People fail to discuss the applicability of the two-dismissal rule of section 1387, subdivision (a), in responding to this petition.  Rather, the informal response focuses specifically on why the exception to the two-dismissal rule found in section 1387, subdivision (c), should apply.  It is inferred from the People's argument the prosecution is subject to the two-dismissal rule.

**Statutory Interpretation of Section 1387, Subdivision (c)**

To interpret the meaning of section 1387, subdivision (c), "we must begin by considering the statute's language and structure, bearing in mind that our fundamental task in statutory interpretation is to ascertain and effectuate the law's intended purpose." (*Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1246.) "We examine the ordinary meaning of the statutory language, the text of related provisions, and the overarching structure of the statutory scheme." (*Ibid.*) "We consider first the words of a statute, as the most reliable indicator of legislative intent." (*Tuolumne Jobs & Small Business Alliance v. Superior Court* (2014) 59 Cal.4th 1029, 1037.) In doing so, we give the words "their usual and ordinary meaning [citation], while construing them in light of the statute as a whole and the statute's purpose." (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529–530.) " 'If there is no ambiguity in the language, we presume the Legislature meant what it said, and the plain meaning of the statute governs. [Citation.]' " (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063.) As part of this process, " ' "[every] statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect." ' " (*Elk Hills Power, LLC v. Board of Equalization* (2013) 57 Cal.4th 593, 610.)

We agree with petitioner how, in the context of the statute, "previous termination" necessarily refers to the dismissal of the first prosecution, and "subsequent order terminating an action" necessarily refers to the dismissal of the second prosecution. "Previous" is ordinarily defined as "going before in time or order" (Merriam-Webster Dict. Online (2023) <https://www.merriam-webster.com/dictionary/previous> [as of April 13, 2023]), and "subsequent" is ordinarily defined as "following in time, order, or place" (Merriam-Webster Dict. Online (2023) <https://www.merriam-webster.com/dictionary/subsequent> [as of April 13, 2023]). Section 1387, subdivision (c), sets forth the exception to the two-dismissal rule and answers the

8

question of when the termination of the second prosecution is not a bar to a third prosecution. Based on the usual and ordinary meaning of the terms and applying standard rules of grammatical construction to subdivision (c), the subsequent order terminating an action is not a bar to prosecution if two requirements are met. First, based on the initial clause, the exception is limited to instances in which the first prosecution was terminated pursuant to section 859b, 861, 871, or 995. (§ 1387, subd. (c).) Additionally, the second termination must also result from the failure to hold a preliminary examination within 60 days despite good cause.[4] (§ 1387, subd. (c)(1).)

This interpretation is reinforced by examining and harmonizing the other provisions of sections 1387 and 1387.1. The phrase "previous termination" is also used in section 1387, subdivision (a). As set forth in subdivision (a), an order terminating a felony prosecution is a bar to further prosecution if "the action has been *previously terminated* pursuant to this chapter, or Section 859b, 861, 871, or 995 .…" (§ 1387, subd. (a).) (Italics added.) Based on the context of the phrase "previously terminated," the Legislature was applying the usual and ordinary meaning of the word "previous" as going before in time or order. "Previous termination" refers to the termination of the prior, or first, prosecution in both subdivisions (a) and (c).

Of even more import is the fact the Legislature listed section 1385 as one of the applicable statutory grounds for terminating a previous prosecution in section 1387,

---

**4**    "A longstanding rule of statutory construction—the 'last antecedent rule'—provides that 'qualifying words, phrases and clauses are to be applied to the words or phrases immediately preceding and are not to be construed as extending to or including others more remote.' " (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680.) Applied here, the rule requires the phrase "[g]ood cause is shown why the preliminary examination was not held within 60 days from the date of arraignment or plea" be read to qualify only the phrase "the subsequent order terminating an action" and not the phrase "the previous termination." (§ 1387, subd. (c)(1).) It is additionally noted two other grounds exist for finding the termination of the second prosecution is not a bar but concern motions under section 995 and are not relevant here. (§ 1387, subd. (c)(2–3).)

9

subdivision (a), but not in subdivision (c).  Subdivision (a) includes "this chapter" in addition to Section 859b, 861, 871, or 995, whereas the applicable language of subdivision (c) does not.  (*Casey v. Superior Court*, *supra*, 207 Cal.App.3d at pp. 842–843.)  At the time the Legislature enacted the language that is now the exception found in section 1387, subdivision (c), section 1387 contained no subdivisions.  (See Stats. 1981, ch. 854, § 4.)  As enacted, the sentence setting forth the two-dismissal rule with language stating "previously terminated pursuant to *this chapter*, or Section 859b, 861, 871, or 995" was immediately followed by the sentence setting forth the exception stating, "if the previous termination was pursuant to Section 859b, 861, 871, or 995."  (Former § 1387, italics added.)  Under the interpretive canon *expressio unius est exclusio alterius*, "the explicit mention of some things in a text may imply other matters not similarly addressed are excluded."  (*Howard Jarvis Taxpayers Assn. v. Padilla* (2016) 62 Cal.4th 486, 514.) "The interpretive principle cited, however, 'applies only when the Legislature has intentionally changed or excluded a term by design.' "  (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 126.)  Including the term 'this chapter' in a similar list in the same statute, but not in the list of grounds contained in the exception to the two-dismissal rule, indicates the exclusion of the language was intentional.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 880 [" 'When the Legislature "has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded." ' "]; *Tarrant Reg'l Water Dist. v. Herrmann* (2013) 569 U.S. 614, 629 [" ' "[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed [that] Congress acts intentionally and purposely in the disparate inclusion or exclusion." ' "].)

Finally, a dismissal under section 1385 is different than the other grounds of dismissal listed in section 1387.  Where the other enumerated grounds can occur despite the prosecution's effort to prosecute the case (see § 859b [dismissal required if

10

preliminary examination is continued more than 60 days from the date of arraignment]; § 861 [dismissal required if preliminary examination not completed at one session]; § 871 [dismissal required for failure to present sufficient cause at preliminary examination]; and § 995 [indictment or information shall be set aside upon defendant showing lack of reasonable or probable cause]), when the prosecution moves to dismiss under section 1385, it involves a conscious and voluntary act by the prosecution to dismiss the charges. Where the previous termination occurs due to voluntary dismissal under section 1385, the exception to the two-dismissal rule found in section 1387, subdivision (c), does not apply.

**Arguments Set Forth by the People**

The People present several alternative constructions of the relevant statutory language. In defining "previous termination," the People note the two-dismissal rule applies to bar a third prosecution. In that context, both the first and second terminations are previous terminations to the third prosecution, and the People argue the term "previous termination" should be defined accordingly to apply to either the first or second termination. Unfortunately, the argument ignores critical statutory language found in section 1387, subdivision (c). Under this interpretation, the statute would be rendered unintelligible. Applying such an interpretation would render both the terms "previous termination" and "the subsequent order terminating an action" interchangeable and effectively meaningless.

The People alternatively argue the first clause discussing the previous termination should be ignored. Under this construction of the statute, a showing of good cause for not commencing the preliminary hearing within 60 days from the date of arraignment of the second prosecution would be sufficient regardless of the basis for termination of the first prosecution. To bolster the argument, the People allege the position is supported by a leading treatise. (See 1 Simons, Cal. Preliminary Examinations and 995 Benchbook:

11

Prosecutor's Refiling After Discharge or Dismissal (Matthew Bender, 2022 rev. ed.) § 4.4.4, ["[W]here good cause existed, … a dismissal [under § 859b] does not count under § 1387(c)(1)."].) The secondary source does not mention nor describe the initial clause of section 1387, subdivision (c). It is unreasonable to assume the intent of the author was to determine the initial clause of the statute is inapplicable without explicitly stating so. Rather, the more reasonable reading of the treatise is that it assumed the requirements of the initial clause of section 1387, subdivision (c), were met. This is consistent with rules of statutory interpretation, which provide all terms of the statute have meaning. " ' "A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." ' " (*T-Mobile West LLC v. City and County of San Francisco* (2016) 3 Cal.App.5th 334, 351.) "We ordinarily reject interpretations that render particular terms of a statute mere surplusage, instead giving every word some significance." (*City of San Jose v. Superior Court* (1993) 5 Cal.4th 47, 55.)

When enacting the language of the exception to the two-dismissal rule, the Legislature explained, "[t]his bill would provide that previous dismissals for specified reasons are not a bar to prosecution of the offense." (Legis. Counsel's Dig., Assem. Bill No. 754 (1981–1982 Reg. Sess.), 3 Stats. 1981, Summary Dig., p. 253.) The exception as written explicitly does not apply when the termination of the first prosecution was made in the furtherance of justice under section 1385. We have no reason to believe the language of the statute misconstrued the stated intent of the Legislature. The People have not presented persuasive authority why we should deviate from the plain language of section 1387, subdivision (c).

The People also argue an implied waiver of the two-dismissal rule should be judicially created because petitioner invoked his constitutional right to be present at the

12

preliminary hearing. The People rely on two cases which provided exceptions to the 10-day requirement to hold a preliminary hearing under section 859b. (See *Curry v. Superior Court* (1977) 75 Cal.App.3d 221; *People v. Kowalski* (1987) 196 Cal.App.3d 174.) Neither case has been extended to apply to the 60-day requirement to hold a preliminary hearing under section 859b, let alone to the two-dismissal rule of section 1387. (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 736.) Further, the only reason petitioner's constitutional right played a role was due to the People setting the preliminary hearing too close to the end of the 60-day period, and petitioner's quarantine due to COVID-19 exposure prevented him from appearing before the deadline. The Legislature had created an exception to the two-dismissal rule that would likely apply in this instance, but the exception is reserved for violent felonies.[5] (§ 1387.1.) "Where an offense is a violent felony, as defined in Section 667.5 and the prosecution has had two prior dismissals, as defined in Section 1387, the people shall be permitted one additional opportunity to refile charges where either of the prior dismissals under Section 1387 were due solely to excusable neglect." (*Ibid.*) " ' "Simply expressed, 'excusable neglect is neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances.' " [Citation.]' " (*Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 741.) It is likely the failure of the People to afford sufficient time to account for complications resulting from COVID-19 exposure is excusable neglect. Had this been a violent felony, a third prosecution would likely not be barred. Where the Legislature has enacted a coherent statutory scheme, we are reticent to devise additional judicially created exceptions.

Finally, the People contend it is not appropriate to invoke this court's extraordinary authority to grant writ relief. Precedent dictates writ relief is proper to

---

[5] The People concede the felony escape charge is not a violent felony and section 1387.1 does not apply in this instance.

prevent further prosecution in violation of the two-dismissal rule of section 1387. (See *Ramos v. Superior Court* (1982) 32 Cal.3d 26, 37; *Malone v. Superior Court* (1975) 47 Cal.App.3d 313, 319–320.) Moreover, judicial resources are conserved by addressing questions of law now and avoiding an unwarranted prosecution and trial. Where "the trial court's order is both clearly erroneous as a matter of law and substantially prejudices petitioner's case," writ relief is warranted. (*Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1273–1274.)

We therefore determine the writ petition should be granted without delay by directing the issuance of a peremptory writ in the first instance and order respondent to be restrained from conducting further proceedings with respect to the felony escape charge under Penal Code section 4532. The parties were properly notified a peremptory writ may issue. (*Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d at pp. 177–180.) Further, petitioner's right to relief is obvious and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument. (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

## DISPOSITION

Let a peremptory writ of prohibition issue directing the Merced County Superior Court in case No. 22CR-04279A to: (1) vacate its November 17, 2022 ruling denying the motion to dismiss the information, (2) issue a ruling granting the motion to dismiss, and (3) restrain the court from conducting further proceedings with respect to the felony escape charge under Penal Code section 4532.

14

In the interests of justice, the parties shall bear their own costs pursuant to California Rules of Court, rule 8.493(a)(1)(B).

FRANSON, ACTING P. J.

**WE CONCUR:**

SMITH, J.

DE SANTOS, J.